## SMITH & a. v. CUSHMAN.

Office copies of deeds containing an exception or reservation of a way, claimed by either party, may be used in evidence when they make a part of his chain of title to the way.

A deed which contains a description of a way is not evidence of a title to the way, when no conveyance of the way to the grantor, and no possession of it by him, are shown.

CASE, for obstructing a private way by a building. Plea, the general issue, and a license from the Hedding Camp-Meeting Association, in Epping, through whose land the alleged way run. To show a right to the way, the plaintiffs put in evidence a deed from Dudley Ladd to Jonathan Chase and Benjamin Johnson, dated February 18, 1818, describing the plaintiffs' land, "together with the driftway that I bought of George A. Haines;" also mesne conveyances, through various persons, from Chase and Johnson to the plaintiffs, of the same land and appurtenances, but not mentioning the driftway or any right of way. No conveyance of the way from Haines was proved, and Ladd was not shown to have been in possession of the way at the time he made the deed to Chase and Johnson.

To show that the way was not included in the defendant's title, the plaintiffs, against the defendant's exception, put in evidence office copies of deeds of the land of the association, from Haines to Tilton, dated April 22, 1803, and from Bartlett to Gordon, dated September 1, 1825, in which the way was reserved from the grant. The defendant proved title in the association to the land across which the way run, by mesne conveyances, through various persons, from Gordon to the association, and license from the association to himself. None of the deeds subsequent to that of Bartlett to Gordon mentioned a way.

The court instructed the jury that the deeds shown by the plaintiffs contained the grant of a way to them, and the defendant excepted. Verdict for the plaintiffs. Motion for a new trial.

*Hatch*, for the defendant.

*Frink*, for the plaintiffs.

ALLEN, J. The deeds of Haines to Tilton and Bartlett to Gordon conveyed the land occupied by the defendant, and were in the defendant's chain of title. Office copies of these deeds might be used in evidence by either party. *Lyford* v. *Thurston*, 16 N. H. 399; *Andrews* v. *Davison*, 17 N. H. 413, 415. The deeds contained exceptions of a right of way to the grantors, and were evidence for the plaintiffs to show that the defendant's title did not include the way.

The plaintiffs' deeds, extending back to include that of Ladd to Chase and Johnson, which, besides the plaintiffs' land, described the driftway, showed no conveyance of the driftway to Ladd. The reservations of the way, in the deeds of Haines to Tilton and Bartlett to Gordon, were reservations to the grantors and their heirs and assigns. *Emerson* v. *Mooney*, 50 N. H. 315, 320. But there was no evidence of a conveyance of the way from Haines or his heirs or assigns to Ladd, or any one under whom the plaintiffs claim, nor will the law presume such conveyance from the fact that Ladd undertook to convey it. The recital in the deed from Ladd, of a "driftway I bought of George A. Haines," is not evidence of the grant of a driftway from Haines to Ladd, a link which is wanting to connect the reservation of the driftway made by Haines, in his deed to Tilton, with the plaintiffs' chain of title. Ladd was not shown to have been in possession of the driftway; and, although the driftway conveyed by him was the same as that reserved by Haines, and claimed by the plaintiffs, Ladd's conveyance, so far as the deeds show, was only a naked grant, unsupported by title or possession. The deeds did not show a connection between the reservation of the way by Haines and the grant by Ladd, under whom the plaintiffs claim; and the instructions to the jury, that the paper evidence contained the grant of a way to the plaintiffs, were erroneous.

*New trial granted.*

SMITH, J., did not sit: the others concurred.